```
            IN THE UNITED STATES DISTRICT COURT
                WESTERN DISTRICT OF ARKANSAS
                     FAYETTEVILLE DIVISION
```

**CHRISTOPHER AUSTIN**                                                **PLAINTIFF**

        v.                Civil No. 09-5278

**DEPUTY COTTON; SHERIFF KEITH FERGUSON;**
**CAPTAIN HOLLY; SERGEANT NANCE;**
**CORPORAL JOHNSTON; SERGEANT TORRES;**
**STAFF SERGEANT VAUGHN; CORPORAL WEST;**
**DEPUTY ACOSTA; and DEPUTY CRANE**                                   **DEFENDANTS**

### O R D E R

Before the Court is the **Report and Recommendation of the Magistrate Judge** (document #85) and plaintiff's objections thereto (document #86). The Court has reviewed both documents and, being well and sufficiently advised, finds and orders as follows:

1. This is a civil-rights action pursuant to 42 U.S.C. § 1983 in which plaintiff proceeds pro se and in forma pauperis. Plaintiff alleges excessive use of force by officers at the Benton County Detention Center during his incarceration at that facility. During his incarceration in Benton County, plaintiff never filed a grievance related to any allegation of excessive force, although some of the other inmates apparently filed grievances stating that they had seen excessive force used against plaintiff. Plaintiff is now incarcerated at the Delta Regional Unit of the Arkansas Department of Correction.

2. Plaintiff makes three objections to the Magistrate Judge's findings regarding plaintiff's failure to exhaust

administrative remedies. First, he argues that, even if he had filed a grievance for excessive use of force, he did not believe it would have done any good.

It is well settled that the Prison Litigation Reform Act (PLRA) requires inmates to exhaust all administrative remedies before bringing a civil-rights claim under § 1983. *Lyon v. Vande Krol*, 305 F.3d 806, 808 (8th Circ. 2002). This is so even if the inmate subjectively believes that pursuing administrative remedies would be futile. *Id.* at 809. Therefore, this objection is overruled.

3.   Plaintiff next contends that the court should have brought his failure to exhaust administrative remedies to his attention sooner.

The Court has no obligation to act as counsel or paralegal to a pro se litigant, even one who is incarcerated. *Pliler v. Ford*, 542 U.S. 225, 231 (2004). By the same token, the Court cannot provide legal assistance to attorneys in representing their clients. *See Day v. McDonough*, 547 U.S. 198, 210 (2006). Requiring the Court to advise a litigant in such a manner would undermine the Court's role as an impartial decision maker. *Pliler*, 542 U.S. at 231. Further, failure to exhaust administrative remedies is an affirmative defense, and it is the burden of the defendant to raise it. *Foulk v. Charrier*, 262 F.3d 687, 697 (8th Cir. 2001). While the issue might have been dealt with sooner to avoid

unnecessary litigation, the Magistrate Judge committed no error by not advising plaintiff of his need to exhaust his administrative remedies. Therefore, this objection is likewise overruled.

4. Finally, plaintiff argues that the other inmates' grievances about officers' use of excessive force against plaintiff should have been sufficient to exhaust plaintiff's administrative remedies.

In *Woodford v. Ngo*, 548 U.S. 81, 91 (2006), the Supreme Court concluded that "exhaustion" of administrative remedies under the PLRA means "proper exhaustion." The Court has found no case law to support plaintiff's contention that grievances filed by third parties may satisfy this requirement. To the contrary, several courts have found that the PLRA does not allow for "substantial compliance" with the exhaustion requirement. *See, e.g.,*

* *Fields v. Okla. State Penitentiary*, 511 F.3d 1109, 1112 (10th Cir. 2007) ("To exhaust administrative remedies an inmate must properly comply with grievance procedures; substantial compliance is insufficient.");

* *Lewis v. Washington*, 300 F.3d 829, 834 (7th Cir. 2002) ("[C]ourts have applied the substantial compliance doctrine only to pre-PLRA causes of action to avoid the injustice of requiring exhaustion of remedies that were not required to be exhausted at the time of the alleged conduct."); and

\*   *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001) ("Nothing in the Prison Litigation Reform Act, however, prescribes appropriate grievance procedures or enables judges, by creative interpretation of the exhaustion doctrine, to prescribe or oversee prison grievance systems.").

Because plaintiff did not properly exhaust his administrative remedies, this objection is overruled.

**IT IS THEREFORE ORDERED** that the **Report and Recommendation of the Magistrate Judge** (document #85) is **adopted** *in toto*, and plaintiff's objections (document #86) are overruled.

**IT IS FURTHER ORDERED** that, for the reasons stated in the Report and Recommendation, this action is **dismissed with prejudice** due to plaintiff's failure to exhaust administrative remedies available to him during his confinement in the Benton County Detention Center.

**IT IS SO ORDERED.**

　　　　　　　　　　　　　　　　　　 **/s/ Jimm Larry Hendren**
　　　　　　　　　　　　　　　　　　 **JIMM LARRY HENDREN**
　　　　　　　　　　　　　　　　　　 **UNITED STATES DISTRICT JUDGE**